IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Brenda L. Preston, Individually, and as Special Administrator of the Estate of Dale A. Preston, deceased, | ) ) ) ) | Case No. _____ |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT AND** **DEMAND FOR JURY TRIAL** |
| Scotts Bluff County, Nebraska, Scotts Bluff County Adult Detention Center, Advanced Correctional Healthcare, Inc., Lindsey J. Smith, LPN, Julie A. Brock, LPN, Alicia Y. Gonzales-Longoria, APRN, Vonnie Cotant, Officer Arthur Ramirez, Officer Jeff Harris, Officer Marcus LaPorte, and Officer Michael Wiseman, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Brenda L. Preston, individually, and as Special Administrator of the Estate of Dale A. Preston, deceased, by and through her counsel, and for her Complaint against Defendants, Scotts Bluff County, Nebraska, Scotts Bluff County Adult Detention Center, Advanced Correctional Healthcare, Inc., Lindsey J. Smith, LPN, Julie A. Brock, LPN, Alicia Y. Gonzales-Longoria, APRN, Vonnie Cotant, Officer Arthur Ramirez, Officer Jeff Harris, Officer Marcus LaPore, and Officer Michael Wiseman, states and alleges as follows:

# PARTIES

1. Plaintiff, Brenda L. Preston ("Mrs. Preston"), is a citizen of and domiciled in the State of Texas and is a resident of San Angelo, Texas. Mrs. Preston is the Special Administrator of the Estate of Dale A. Preston ("Mr. Preston"), deceased. At all times material herein, Mr. and Mrs. Preston were married to each other as husband and wife.

2. Defendant, Scotts Bluff County, Nebraska ("Scotts Bluff County"), is a county in, and political subdivision of, the State of Nebraska.

3. Defendant, Scotts Bluff County Adult Detention Center ("Detention Center"), is an agency of Scotts Bluff County, Nebraska.

4. Defendant, Advanced Correctional Healthcare, Inc. ("Advanced Correctional"), is an Illinois corporation that is a citizen of and domiciled in the State of Illinois, with its principal place of business and operations located in Franklin, Tennessee.

5. Defendant, Lindsey J. Smith, LPN ("Nurse Smith"), is a citizen of and domiciled in the State of Nebraska and is a resident of Scottsbluff, Nebraska. At all times material herein, Nurse Smith was a licensed practical nurse in Nebraska.

6. Defendant, Julie A. Brock, LPN ("Nurse Brock"), is a citizen of and domiciled in the State of Nebraska and is a resident of Gering, Nebraska. At all times material herein, Nurse Brock was a licensed practical nurse in Nebraska.

7. Defendant, Alicia Y. Gonzales-Longoria, APRN ("Nurse Gonzales-Longoria"), is a citizen of and domiciled in the State of Nebraska and is a resident of Scottsbluff, Nebraska. At all times material herein, Nurse Gonzales-Longoria was a nurse practitioner in Nebraska.

8. Defendant, Vonnie Cotant ("Ms. Cotant"), is a citizen of and domiciled in the State of Nebraska and is a resident of Scottsbluff, Nebraska.

9. Defendant, Officer Arthur Ramirez ("Mr. Ramirez"), is a citizen of and domiciled in the State of Nebraska and is a resident of Scottsbluff, Nebraska.

10. Defendant, Officer Jeff Harris ("Mr. Harris"), is a citizen of and domiciled in the State of Nebraska and is a resident of Scottsbluff, Nebraska.

11. Defendant, Officer Marcus LaPorte ("Mr. LaPorte"), is a citizen of and domiciled in the State of Nebraska and is a resident of Scottsbluff, Nebraska.

12. Defendant, Officer Michael Wiseman ("Mr. Wiseman"), is a citizen of and domiciled in the State of Nebraska and is a resident of Scottsbluff, Nebraska.

13. Ms. Cotant, Mr. Ramirez, Mr. Harris, Mr. LaPorte, and Mr. Wiseman are collectively referred to herein as "Detention Center Individuals."

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1332.

15. This Court has personal jurisdiction over Defendants pursuant to the Fourteenth Amendment to the Constitution of the United States of America and NEB. REV. STAT. §25-536 because the incidents alleged in Plaintiff's Complaint occurred in Nebraska.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PROCEDURAL

17. To the extent that any of the Defendants claim they are allegedly qualified healthcare providers under the Nebraska Hospital-Medical Liability Act, NEB. REV. STAT. §§ 44-2801 *et seq*. ("Act"), Plaintiff demands strict proof from such Defendants that they were in compliance with, and covered by, the Act at all times material herein.

18. Plaintiff affirmatively waives her right to a medical review panel pursuant to NEB. REV. STAT. § 44-2840, if applicable in this lawsuit.

19. Plaintiff has served a copy of her Complaint in the above-captioned lawsuit upon the Nebraska Department of Insurance pursuant to NEB. REV. STAT. § 44-2840, if applicable in this lawsuit.

20. In early August 2023, and pursuant to the Nebraska Political Subdivisions Tort Claims Act, NEB. REV. STAT. §§ 13-901 et seq. ("Tort Claims Act"), Plaintiff filed a tort claim with Scotts Bluff County due to the incidents alleged in this Complaint (hereafter, "Tort Claim").

21. The Tort Claim that Plaintiff filed complies with the provisions of NEB. REV. STAT. 13-905.

22. Neither Scotts Bluff County nor its governing body has made final disposition of Plaintiff's Tort Claim under the Tort Claims Act.

23. More than six months have passed since Plaintiff filed her Tort Claim with Scotts Bluff County without it making final disposition of that claim.

24. Plaintiff deems Scotts Bluff County's failure to make final disposition of her Tort Claim as a final denial of that claim for purposes of the Tort Claims Act.

25. On or about April 9, 2024, Plaintiff notified Scotts Bluff County in writing that she was withdrawing her Tort Claim from consideration of Scotts Bluff County and its governing body.

26. Plaintiff has complied with all conditions precedent in the Tort Claims Act for filing the above-captioned lawsuit against Defendants.

## BACKGROUND

27. Before August 19, 2022, Mr. and Mrs. Preston had been living together in San Angelo, Texas, for several years.

28. Not long before August 19, 2022, Mr. Preston began to have serious mental health problems, and he suddenly left San Angelo, Texas and ended up in Scotts Bluff County, Nebraska, where he had previously worked at a factory for a number of years.

29. For the next approximately six weeks of his life until he died on September 30, 2022, Mr. Preston exhibited serious mental health problems that resulted in extremely unusual behavior for him.

30. On or about August 19, 2022, Mr. Preston was arrested in Scotts Bluff County, Nebraska, and taken to jail at the Scotts Bluff County Adult Detention Center located at 2522 7th Street, Gering, Nebraska, 69341.

31. Before he was arrested on or about August 19, 2022, Mr. Preston had been observed jumping in front of cars on a highway in Scotts Bluff County, Nebraska. When law enforcement made contact with Mr. Preston, he was walking barefoot in the middle of the highway.

32. On or about August 22, 2022, Mr. Preston was released from the Detention Center.

33. On or about the morning of August 23, 2022, Mr. Preston was arrested again in Scotts Bluff County and detained at the Detention Center. He, again, was displaying behavior that was atypical for him – this time, being on property that did not belong to him and telling law enforcement he was taking off a bumper from a pickup to help a friend restore a pickup.

34. On or about September 1, 2022, Mr. Preston was released again from the Detention Center.

35. On or about the morning of September 2, 2022, Mr. Preston was arrested again in Scotts Bluff County and detained at the Detention Center for the third and final time.

36. Before he was arrested on or about September 2, 2022, law enforcement found Mr. Preston sitting in someone else's driveway, wearing only shorts with no shirt or shoes. He had been in a pickup that did not belong to him and was now at a residence asking for water. All of this behavior was, again, atypical for Mr. Preston.

37. From on or about September 2, 2022, until on or about September 30, 2022, Mr. Preston remained detained and in the custody of the Detention Center until on or about September 30, 2022, when he died.

38. Mr. Preston was 64 years old when he died.

39. During his detainment at the Detention Center from approximately September 2 – 30, 2022, Mr. Preston repeatedly displayed severe signs of mental illness, as well as signs that he was unable to properly care for or protect himself. Defendants and/or their agents, employees, workers, and/or joint venturers were aware of such signs and knew they presented a danger to Mr. Preston.

40. During his detainment at the Detention Center from approximately September 2 – 30, 2022, Mr. Preston repeatedly refused to eat or drink. Defendants and/or their agents, employees, workers, and/or joint venturers were aware of this and knew that this was dangerous.

41. During his detainment at the Detention Center from approximately September 2 – 30, 2022, Mr. Preston's health became progressively worse. Among other

things, he was dehydrated, was losing significant amounts of weight, was deteriorating, and was showing signs of worsening mental health problems.

42. During his detainment at the Detention Center from approximately September 2 – 30, 2022, one or more and/or all Defendants and/or their agents, employees, workers, and/or joint venturers repeatedly observed that Mr. Preston was hallucinating, was refusing medication, had poor hygiene, was not making any sense, was confused, had disorganized speech and though processes, and was displaying behavior consistent with serious mental illness.

43. Despite observing these things and knowing they presented a danger to Mr. Preston, Defendants and/or their agents, employees, workers, and/or joint venturers failed to provide appropriate attention, care, and treatment to Mr. Preston.

44. Rather than hospitalizing him and/or putting him in a mental health ward for obvious mental health problems and an inability to properly care for himself, Defendants and/or their agents, employees, workers, and/or joint venturers left Mr. Preston detained in his jail cell. Despite knowing about the dangers of his condition, they failed to protect him from such condition.

45. On or about September 29, 2022, Mr. Preston was discovered in his jail cell lying on the floor, partially naked. It was observed that he had feces on him, and his left leg was cold to touch, discolored, and swollen.

46. Mr. Preston was subsequently sent via ambulance from the Detention Center to a local hospital. At that time, one or more and/or all of Defendants and/or their agents, employees, workers, and/or joint venturers reported to the paramedics that Mr. Preston "has not eaten or drank anything for 2 weeks." At the hospital, Mr. Preston was noted to be, among other things, hyperglycemic, acidotic, and hypoxic. He was diagnosed with, among other things, altered mental status, shock, acute hypoxic respiratory failure, acute metabolic encephalopathy, hypernatremia, and starvation ketosis.

47. At the hospital on September 29, 2022, one or more and/or all of Defendants and/or their agents, employees, workers, and/or joint venturers told the hospital that Mr. Preston had not been eating or drinking for at least two weeks.

4:24-cv-03090-SMB-MDN Doc # 1 Filed: 05/16/24 Page 7 of 18 - Page ID # 7

48. Mr. Preston ultimately died on or about September 30, 2022.

49. During the period of approximately August 19, 2022, through approximately September 30, 2022, Mr. Preston received care, services, and/or treatment from, and/or was under the control, custody, and/or supervision, of Defendants and/or their employees, nurses, agents, workers, and/or joint venturers.

50. At all times material herein, Nurse Smith, Nurse Brock, and Nurse Gonzales-Longoria were an employee, agent, and/or joint venturer of Scotts Bluff County, the Detention Center, and/or Advanced Correctional while they were providing care and treatment to Mr. Preston.

51. At all times material herein, Advanced Correctional, Ms. Cotant, Mr. Ramirez, Mr. Harris, Mr. LaPorte, and Mr. Wiseman were an employee, agent, and/or joint venturer of Scotts Bluff County and/or the Detention Center while they were providing services to Mr. Preston and/or while Mr. Preston was under their control, custody, and/or supervision.

52. At all times material herein, one or more and/or all of the individuals and entities who provided services to Mr. Preston and/or who had him under their control, custody, and/or supervision were employees, agents, workers, and/or joint venturers of Scotts Bluff County, the Detention Center, and/or Advanced Correctional.

## FIRST CAUSE OF ACTION: WRONGFUL DEATH CLAIM AGAINST ALL DEFENDANTS

53. Plaintiff hereby reincorporates Paragraphs 1 through 52 of her Complaint as if fully set forth again.

54. Plaintiff's first cause of action against Defendants is a wrongful death claim against Defendants.

55. With regard to Plaintiff's wrongful death claim against Defendants, Plaintiff hereby asserts and incorporates herein the following four counts / claims / legal theories against Defendants.

Page 7 of 18

56. The damages Plaintiff seeks against Defendants on Plaintiff's wrongful death claim are identified in Paragraphs 92 and 93 of her Complaint and are incorporated herein by this reference.

## COUNT ONE:
## NEGLIGENCE / PROFESSIONAL MALPRACTICE CLAIM
## AGAINST SCOTTS BLUFF COUNTY, DETENTION CENTER,
## ADVANCED CORRECTIONAL, NURSE SMITH, NURSE BROCK,
## AND NURSE GONZALES-LONGORIA

57. Plaintiff hereby reincorporates Paragraphs 1 through 56 of her Complaint as if fully set forth again.

58. Scotts Bluff County, the Detention Center, Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and/or their employees, nurses, agents, workers, and/or joint venturers were negligent and/or did not possess and/or use the appropriate degree of care, skill, training, and/or knowledge in providing medical care, treatment, and/or services to Mr. Preston, which consisted of acts and/or omissions, including, but not limited to, the following:

    (a) Failing to properly and timely diagnose, treat, and manage Mr. Preston and his condition;

    (b) Failing to provide adequate care and treatment to Mr. Preston, including, but not limited to, failing to ensure he was appropriately hydrated and nourished;

    (c) Failing to properly and timely transfer Mr. Preston out of the Detention Center and into a facility that could provide him with appropriate medical care and treatment;

    (d) Failing to properly assess, evaluate, and monitor Mr. Preston and his condition;

    (e) Failing to properly inform and warn Mr. Preston about his condition;

    (f) Failing to follow policies, procedures, rules, and regulations for, among other things, the assessment, care, custody, detention, evaluation, management, monitoring, supervision, and treatment of detainees like Mr. Preston; and/or

    (g) Failing to otherwise provide appropriate attention, care, evaluation, examination, monitoring, services, supervision, and/or treatment to Mr. Preston ordinarily used under like circumstances by other medical

/ nursing / healthcare professionals engaged in a similar practice in the same or similar localities.

59. The actions and/or omissions identified in Paragraph 58 above, including its subparts, violated the applicable standard of care and caused damages and injuries to Mr. Preston.

60. Scotts Bluff County, the Detention Center, and Advanced Correctional, and each of them, are vicariously liable for the negligence of their employees, nurses, agents, workers, and/or joint venturers (including, but not limited to, Nurse Smith, Nurse Brock, and Nurse Gonzales-Longoria), including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

61. Scotts Bluff County, Detention Center, Advanced Correctional, Nurse Smith, Nurse Brock, and Nurse Gonzales-Longoria, and each of them, are vicariously liable for the negligence of their employees, nurses, agents, workers, and/or joint venturers, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

62. Scotts Bluff County, Detention Center, Advanced Correctional, Nurse Smith, Nurse Brock, and Nurse Gonzales-Longoria, and each of them, are vicariously liable for each other's negligence (as well as the negligence of each other's employees, agents, workers, and/or joint venturers), including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

**COUNT TWO:**
**NEGLIGENCE CLAIM**
**AGAINST SCOTTS BLUFF COUNTY, DETENTION CENTER, MS. COTANT, MR. RAMIREZ, MR. HARRIS, MR. LAPORTE, AND MR. WISEMAN**

63. Plaintiff hereby reincorporates Paragraphs 1 through 62 of her Complaint as if fully set forth again.

64. The matters involving Mr. Preston as described above, the injuries and death of Mr. Preston, and Plaintiff's injuries and damages were a proximate result of the negligence of Scotts Bluff County, the Detention Center, Ms. Cotant, Mr. Ramirez, Mr. Harris, Mr. LaPorte, Mr. Wiseman, and/or their employees, agents, workers, and/or joint

venturers, which consisted of, but is not limited to, one or more of the following actions and/or omissions:

    (a)    Failing to properly and timely diagnose, treat, and manage Mr. Preston and his condition;

    (b)    Failing to provide adequate care and treatment to Mr. Preston, including, but not limited to, failing to ensure he was appropriately hydrated and nourished;

    (c)    Failing to properly and timely transfer Mr. Preston out of the Detention Center and into a facility that could provide him with appropriate medical care and treatment;

    (d)    Failing to properly assess, evaluate, and monitor Mr. Preston and his condition;

    (e)    Failing to properly inform and warn Mr. Preston about his condition;

    (f)    Failing to follow policies, procedures, rules, and regulations for, among other things, the assessment, care, custody, detention, evaluation, management, monitoring, supervision, and treatment of detainees like Mr. Preston;

    (g)    Failing to properly detain Mr. Preston; and/or

    (h)    Failing to otherwise provide appropriate attention, care, evaluation, examination, monitoring, services, supervision, and/or treatment to Mr. Preston.

65. Scotts Bluff County, the Detention Center, Ms. Cotant, Mr. Ramirez, Mr. Harris, Mr. LaPorte, Mr. Wiseman, and each of them, are vicariously liable for the negligence of their employees, agents, workers, and/or joint venturers, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

66. Scotts Bluff County, the Detention Center, Ms. Cotant, Mr. Ramirez, Mr. Harris, Mr. LaPorte, Mr. Wiseman, and each of them, are vicariously liable for each other's negligence (as well as the negligence of each other's employees, agents, workers, and/or joint venturers), including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

## COUNT THREE:
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION CLAIM AGAINST ADVANCED CORRECTIONAL

67. Plaintiff hereby incorporates Paragraphs 1 through 66 of her Complaint as if fully set forth again.

68. Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and Advanced Correctional's employees, nurses, agents, workers, and/or joint venturers did not have proper and/or adequate training, knowledge, education, and/or experience in how to appropriately provide medical care, services, and treatment to and/or for patients with the same and/or similar circumstances as Mr. Preston.

69. At all times material herein, Advanced Correctional had a duty to take proper steps and actions to ensure that Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and Advanced Correctional's employees, nurses, agents, workers, and/or joint venturers had proper and adequate training, knowledge, education, and experience in how to appropriately provide medical care, services, and treatment to and/or for patients with the same and/or similar circumstances as Mr. Preston.

70. At all times material herein, Advanced Correctional had a duty to supervise the actions of Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and Advanced Correctional's employees, nurses, agents, workers, and/or joint venturers, including, but not limited to, while they provided care, services, and treatment to and/or for Mr. Preston.

71. Advanced Correctional negligently hired and/or authorized Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and Advanced Correctional's employees, nurses, agents, workers, and/or joint venturers as an employee, agent, and/or joint venturer of Advanced Correctional because, among other things, Advanced Correctional failed to determine and/or confirm that they had proper and adequate training, knowledge, education, and experience in how to, among other things, (a) properly and timely diagnose, treat, and manage Mr. Preston and his condition; (b) provide adequate attention, care, and treatment to individuals who were not eating and drinking and/or were not hydrated or nourished; (c) properly and timely transfer detainees/inmates to other facilities or persons

to provide such detainees/inmates with appropriate medical care and treatment; (d) properly assess, evaluate, monitor, and treat detainee / patient conditions, including, but not limited to, patients with the same or similar condition as Mr. Preston; (e) properly inform and warn detainees / patients about their conditions; and (f) follow policies, procedures, rules, and regulations for, among other things, the assessment, care, custody, detention, evaluation, management, monitoring, supervision, and treatment of detainees / patients like Mr. Preston.

72. Advanced Correctional negligently failed to train and/or supervise Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and Advanced Correctional's employees, nurses, agents, workers, and/or joint venturers, which consisted of acts and/or omissions, including, but not limited to, the following:

(a) Failing to properly train and/or supervise them with regard to how to properly and timely diagnose, treat, and manage Mr. Preston and his condition;

(b) Failing to properly train and/or supervise them with regard to how to properly provide adequate attention, care, and treatment to individuals who were not eating and drinking and/or were not hydrated or nourished;

(c) Failing to properly train and/or supervise them about how to properly and timely transfer detainees/inmates to other facilities or persons to provide such detainees/inmates with appropriate medical care and treatment;

(d) Failing to properly train and/or supervise them about how to properly assess, evaluate, monitor, and treat patient conditions, including, but not limited to, detainees / patients with the same or similar condition as Mr. Preston;

(e) Failing to properly train and/or supervise them about how to properly tell, inform, and warn detainees / patients such as Mr. Preston about their conditions;

(f) Failing to properly train and/or supervise them about how to properly follow policies, procedures, rules, and regulations for, among other things, the assessment, care, evaluation, management, monitoring, supervision, and treatment of detainees / patients like Mr. Preston; and/or

  (g) Failing to otherwise use appropriate care to ensure they were providing appropriate healthcare / medical / nursing care, services, and treatment to and/or for detainees / patients, including Mr. Preston.

73. Advanced Correctional knew and/or should have known about the foregoing deficiencies and failures of Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and Advanced Correctional's employees, nurses, agents, workers, and/or joint venturers; however, they negligently continued to retain them and allowed them to provide care, services, treatment, and work for them.

74. The actions and/or omissions identified in Paragraphs 68 through 73 above, including their subparts, were negligent and violated the applicable standard of care.

75. Advanced Correctional is vicariously liable for the negligence of Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, and Advanced Correctional's employees, nurses, agents, workers, and/or joint venturers, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

## COUNT FOUR:
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION CLAIM AGAINST SCOTTS BLUFF COUNTY AND DETENTION CENTER

76. Plaintiff hereby incorporates Paragraphs 1 through 75 of her Complaint as if fully set forth again.

77. Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, the Detention Center Individuals, and Scotts Bluff County's and the Detention Center's employees, nurses, agents, workers, and/or joint venturers did not have proper and/or adequate training, knowledge, education, and/or experience in how to appropriately provide medical care, services, and treatment to and/or for patients with the same and/or similar circumstances as Mr. Preston.

78. At all times material herein, Scotts Bluff County and the Detention Center had a duty to take proper steps and actions to ensure that Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, the Detention Center Individuals, and Scotts Bluff County's and the Detention Center's employees, nurses, agents, workers, and/or joint venturers had proper and adequate training, knowledge, education, and

experience in how to appropriately provide medical care, services, and treatment to and/or for patients with the same and/or similar circumstances as Mr. Preston.

79. At all times material herein, Scotts Bluff County and the Detention Center had a duty to supervise the actions of Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, the Detention Center Individuals, and Scotts Bluff County's and the Detention Center's employees, nurses, agents, workers, and/or joint venturers, including, but not limited to, while they provided care, services, and treatment to and/or for Mr. Preston.

80. Scotts Bluff County and the Detention Center negligently hired and/or authorized Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, the Detention Center Individuals, and Scotts Bluff County's and the Detention Center's employees, nurses, agents, workers, and/or joint venturers as an employee, agent, and/or joint venturer of Scotts Bluff County and the Detention Center because, among other things, Scotts Bluff County and the Detention Center failed to determine and/or confirm that they had proper and adequate training, knowledge, education, and experience in how to, among other things, (a) properly and timely diagnose, treat, and manage Mr. Preston and his condition; (b) provide adequate attention, care, and treatment to individuals who were not eating and drinking and/or were not hydrated or nourished; (c) properly and timely transfer detainees/inmates to other facilities or persons to provide such detainees/inmates with appropriate medical care and treatment; (d) properly assess, evaluate, monitor, and treat detainee / patient conditions, including, but not limited to, patients with the same or similar condition as Mr. Preston; (e) properly inform and warn detainees / patients about their conditions; (f) follow policies, procedures, rules, and regulations for, among other things, the assessment, care, custody, detention, evaluation, management, monitoring, supervision, and treatment of detainees / patients like Mr. Preston, and (g) properly detain individuals, including, but not limited to, Mr. Preston.

81. Scotts Bluff County and the Detention Center negligently failed to train and/or supervise Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, the Detention Center Individuals, and Scotts Bluff County's and the Detention

Center's employees, nurses, agents, workers, and/or joint venturers, which consisted of acts and/or omissions, including, but not limited to, the following:

    (a)  Failing to properly train and/or supervise them with regard to how to properly and timely diagnose, treat, and manage Mr. Preston and his condition;

    (b)  Failing to properly train and/or supervise them with regard to how to properly provide adequate attention, care, and treatment to individuals who were not eating and drinking and/or were not hydrated or nourished;

    (c)  Failing to properly train and/or supervise them about how to properly and timely transfer detainees/inmates to other facilities or persons to provide such detainees/inmates with appropriate medical care and treatment;

    (d)  Failing to properly train and/or supervise them about how to properly assess, evaluate, monitor, and treat patient conditions, including, but not limited to, detainees / patients with the same or similar condition as Mr. Preston;

    (e)  Failing to properly train and/or supervise them about how to properly tell, inform, and warn detainees / patients such as Mr. Preston about their conditions;

    (f)  Failing to properly train and/or supervise them about how to properly follow policies, procedures, rules, and regulations for, among other things, the assessment, care, evaluation, management, monitoring, supervision, and treatment of detainees / patients like Mr. Preston;

    (g)  Failing to properly train and/or supervise them about how to properly detain individuals, including, but not limited to, Mr. Preston; and/or

    (h)  Failing to otherwise use appropriate care to ensure they were providing appropriate healthcare / medical / nursing care, services, and treatment to and/or for detainees / patients, including Mr. Preston.

82. Scotts Bluff County and the Detention Center knew and/or should have known about the foregoing deficiencies and failures of Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, the Detention Center Individuals, and Scotts Bluff County's and the Detention Center's employees, nurses, agents, workers, and/or joint venturers; however, they negligently continued to retain them and allowed them to provide care, services, treatment, and work for them.

83. The actions and/or omissions identified in Paragraphs 77 through 82 above, including their subparts, were negligent.

84. Scotts Bluff County and the Detention Center are vicariously liable for the negligence of Advanced Correctional, Nurse Smith, Nurse Brock, Nurse Gonzales-Longoria, the Detention Center Individuals, and Scotts Bluff County's and the Detention Center's employees, nurses, agents, workers, and/or joint venturers, including, but not limited to, under the doctrine of *respondeat superior*, all theories of agency, and/or all theories of joint venture.

## SECOND CAUSE OF ACTION: SURVIVAL CLAIM AGAINST ALL DEFENDANTS

85. Plaintiff hereby incorporates Paragraphs 1 through 84 of her Complaint as if fully set forth again.

86. Plaintiff's second cause of action against Defendants is a survival claim against Defendants.

87. Mr. Preston passed away on or about September 30, 2022.

88. Mr. Preston incurred medical, hospital, and/or other expenses; injuries; and damages, including, but not limited to, severe mental and physical pain, suffering, anguish, and emotional distress, before he died.

89. With regard to Plaintiff's survival claim against Defendants, Plaintiff hereby asserts and incorporates herein the above four counts / claims / legal theories against Defendants.

90. The damages Plaintiff seeks against Defendants on her survival claim are identified in Paragraphs 92 and 93 of her Complaint and are incorporated herein by this reference.

## DAMAGES COMMON TO ALL CAUSES OF ACTION
## AND COUNTS IN PLAINTIFF'S AMENDED COMPLAINT

91. Plaintiff hereby incorporates Paragraphs 1 through 90 of her Complaint as if fully set forth again.

92. As a direct and proximate result of the actions and/or inactions of Defendants and/or their agents, employees, and/or joint venturers (and each of them):

   (a) Mrs. Preston and Mr. Preston's next-of-kin have suffered and will continue to suffer all wrongful death damages provided under the law, including, but not limited to, emotional distress, loss of financial support, and the loss of Mr. Preston's society, comfort, companionship, services, support, earnings, consortium, counsel, guidance, care, love, affection, attention, protection, aid, and assistance;

   (b) Mrs. Preston, Mr. Preston, and/or Mr. Preston's next-of kin have incurred and/or will incur healthcare, medical, hospital, funeral, and burial expenses and services, as well as the past and future loss of Mr. Preston's earnings, earning capacity, and wages; and

   (c) Mr. Preston experienced physical and mental pain, suffering, anguish, emotional distress, disability, disfigurement, and embarrassment; passed away, and lost the enjoyment of the rest of his life.

93. The amount of damages that Mrs. Preston, Mr. Preston, and Mr. Preston's next-of-kin have sustained exceeds the sum of $2,000,000, exclusive of interest and costs.

WHEREFORE, Plaintiff prays for Judgment against Defendants on her First and Second Causes of Action for the general and special damages that (a) Plaintiff, (b) Dale A. Preston, and (c) and the next-of-kin of Dale A. Preston have sustained and/or will sustain; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorney fees; and such further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff prays for a trial by jury on all matters raised herein in the United States District Court located in Lincoln, Nebraska.

DATED this 16th day of May, 2024.

BRENDA L. PRESTON, Individually,
and as Special Administrator of the
ESTATE OF DALE A. PRESTON, deceased

By: _____
Jordan W. Adam, #23723
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
jadam@fraserstryker.com
ATTORNEY FOR PLAINTIFF

23273-66669/3202011